VERSO LAW GROUP LLP
GREGORY S. GILCHRIST (State Bar No. 111536)
AMY PARIGI (State Bar No. 261948)
RYAN BRICKER (State Bar No. 269100)
209 Kearny Street, Third Floor
San Francisco, California 94108
Telephone:   (415) 534-0495
Facsimile:   (270) 518-5974
Email:       greg.gilchrist@versolaw.com
             amy.parigi@versolaw.com
             ryan.bricker@versolaw.com

Attorneys for Plaintiff
PATAGONIA, INC.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| PATAGONIA, INC.,<br><br>                  Plaintiff,<br><br>         v.<br><br>TROWN LLC,<br><br>                  Defendant. | Case No. 22-cv-04080<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, DILUTION, COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMAND** |

This lawsuit is necessary to stop Trown LLC from profiting from infringing, misusing, and trading on Patagonia, Inc's famous PATAGONIA and P-6 logo trademarks, and the reputation and goodwill that Patagonia has built in its marks. Defendant has sold hats and t-shirts that reproduce Patagonia's famous PATAGONIA mark and bear designs that are highly similar to Patagonia's P-6 logo. To prevent further damage to Patagonia and its brand, Patagonia alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1.     Patagonia, Inc. ("Patagonia") is a California corporation headquartered at 259 West Santa Clara Street, Ventura, California 93001. Patagonia has been designing, developing, marketing, and selling outdoor apparel, accessories, and

COMPLAINT
CASE NO. 22-cv-04080

- 1 -

active sportswear for nearly fifty years. Patagonia's PATAGONIA brand and P-6 logo are famous in the United States and around the world, and instantly recognized by consumers as a symbol of innovative apparel designs, quality products, and environmental and corporate responsibility.

2. Defendant Trown LLC, is a limited liability company formed under the laws of California with its principal place of business at 2670 Worden St., Unit 24, San Diego, CA 92110. Trown offers, promotes, and sells products that infringe Patagonia's intellectual property rights through a variety of channels, including online (through its website at trownus.com) and to wholesale accounts.

3. Patagonia's trademark claims arise under the Trademark Act of 1946 (the Lanham Act), as amended by the Trademark Dilution Revision Act of 2006 (15 U.S.C. §§ 1051, *et seq.*). Patagonia's claims for copyright infringement arise from all Defendant's infringement of Patagonia's exclusive rights under the United States Copyright Act (17 U.S.C. §§ 101, *et seq.*). This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair competition), 17 U.S.C. § 501 (copyright), 28 U.S.C. § 1331 (federal question), and 15 U.S.C. § 1121 (Lanham Act). This Court has jurisdiction over the state law claims under 28 U.S.C. § 1367 (supplemental jurisdiction) and 28 U.S.C. § 1332 (diversity).

4. This Court has personal jurisdiction over Defendant because Defendant's principal place of business is in California, and because Defendant sells its infringing products to consumers in this district.

5. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and 1400(a) because Defendant infringes Patagonia's intellectual property in this district, transacts business in this district, and a substantial part of the events giving rise to the claims asserted arose in this district.

/ / /

/ / /

# FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

**Patagonia's History**

6. Patagonia was founded in the 1970s to design and sell climbing clothes and other active sportswear. The company adopted the brand "PATAGONIA" to differentiate a related business that designed and manufactured climbing gear and tools. PATAGONIA was chosen as the trademark to call to mind romantic visions of glaciers tumbling into fjords, jagged windswept peaks, gauchos, and condors. Since at least 1973, the PATAGONIA brand has appeared on a multi-colored label inspired by a silhouette of the jagged peaks of the Mt. Fitz Roy skyline (the "P-6 logo").

7. Since Patagonia's PATAGONIA business started, the PATAGONIA brand and its P-6 logo have become among the most identifiable brands in the world. Patagonia's products now include a wide range of apparel products and equipment, including technical products designed for climbing, skiing and snowboarding, surfing, fly fishing, and trail running, as well as fleece, t-shirts, hoodies and sweatshirts which are sold around the world.

8. Over the years, Patagonia has been recognized and honored for its business initiatives, including receiving the Sustainable Business Counsel's first "Lifetime Achievement Award." In 1996, with an increased awareness of the dangers of pesticide use and synthetic fertilizers used in conventional cotton growing, Patagonia began the exclusive use of organically grown cotton and has continued that use for more than twenty years. It was a founding member of the Fair Labor Association®, which is an independent multi-stakeholder verification and training organization that audits apparel factories. Additionally, since 1985 Patagonia has pledged 1% of sales to environmental groups to preserve and restore our natural environment, donating more than $100 million to date. In 2002, Patagonia's founder, Yvon Chouinard, along with others, created a non-profit called 1% For the Planet® to encourage other businesses to do the same. Today, more

COMPLAINT
CASE NO. 22-cv-04080

than 1,200 member companies have donated more than $150 million to more than 3,300 nonprofits through 1% For the Planet. In 2012, Patagonia became one of California's first registered Benefit Corporations, ensuring Patagonia could codify into its corporate charter consideration of its workers, community, and the environment. In 2016, Patagonia pledged to donate all revenue from sales on Black Friday, donating $10 million to environmental grantees in response to customers' purchases on that day. In 2018, Patagonia pledged an additional $10 million in grants to environmental groups in response to recent tax cuts given to businesses. Over the course of two weeks in December 2019, Patagonia matched another $10 million in donations to environmental and other grassroots organizations.

**Patagonia's Trademarks**

9. Patagonia owns numerous registrations for its distinctive P-6 logo and PATAGONIA trademark, covering a wide-ranging assortment of products. Among these are the following U.S. trademark registrations:

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
| PATAGONIA | 1189402 / Feb. 9, 1982 | Men's and Women's Clothing-Namely, Sweaters, Rugby Shirts, Walking Shorts, Trousers, Jackets, Mittens, Hoods and Rainwear. | 08/1974 |
| | 1294523 / Sept. 11, 1984 | Men's, Women's and Children's Clothing-Namely, Jackets, Pants, Vests, Gloves, Pullovers, Cardigans, Socks, Sweaters, Underwear, Shirts, Shorts, Skirts and Belts | 08/1974-1981 |
| | 1547469 / July 11, 1989 | Men's, Women's and Children's Clothing-Namely, Jackets, Pants, Shirts, Sweaters, Vests, Skirts, Underwear Tops and Bottoms, Socks, Gloves, Mittens, Hats, Face Masks, Balaclava, Gaiters, | 08/1974-1981 |

COMPLAINT
CASE NO. 22-cv-04080

- 4 -

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
| | | Suspenders, and Belts | |
| | 1775623 / June 8, 1993 | Luggage back packs, and all-purpose sports bags | 08/1988 |
| **PATAGONIA** | 1811334 / Dec. 14, 1993 | Luggage, back packs, fanny packs and all-purpose sport bags, footwear, ski bags and ski gloves | 08/1990 |
| **PATAGONIA** | 2260188 / July 13, 1999 | Computerized on-line ordering activities in the field of clothing and accessories; Providing information in the field of technical clothing and accessories for use in recreational, sporting and leisure activities; providing information in the field of existing and evolving environmental issues | 10/1995 |
| **PATAGONIA.COM** | 2392685 / Oct. 10, 2000 | On-line retail store and mail order services featuring technical clothing, footwear, and accessories; Computer services in the nature of on-line information related to the environment and clothing | 10/1995 |
| **PATAGONIA** | 2662619 / Dec. 17, 2002 | Retail store services featuring clothing, footwear, luggage and a wide variety of sporting goods and accessories | 06/1986 |
| **PATAGONIA** | 5491401 / June 12, 2018 | Reusable bottles sold empty; insulated containers for food or beverage for domestic use; cups, mugs and growlers | 09/2014 |
| **PATAGONIA** | 5561006 / Sept. 11, 2018 | Stickers; paper banners; fiction and non-fiction | 12/1991 |

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
| | | books on a variety of topics; posters; non-magnetically encoded gift cards; photographs | |

These registrations for the PATAGONIA mark and logos are in full force and effect. The registrations have become incontestable under 15 U.S.C. § 1065. A color image of the P-6 logo follows:



Collectively, these marks, Patagonia's other registered trademarks, and its common law marks are referred to as the "PATAGONIA trademarks." Patagonia also owns a registered copyright (Registration No. VA 1-801-788) for the P-6 logo.

10. The PATAGONIA trademarks are distinctive, arbitrary and fanciful, entitled to the broadest scope of protection, and certain of the PATAGONIA trademarks are registered worldwide.

11. For many years prior to the events giving rise to this Complaint and continuing to the present, Patagonia annually has spent enormous amounts of time, money, and effort advertising and promoting the products on which its PATAGONIA trademarks are used. PATAGONIA brand products are advertised in a variety of contexts and media, including in print and on the Internet. In addition to advertising by Patagonia, the PATAGONIA trademarks are also advertised and promoted and presented at point of sale by numerous retailers. Consumers, accordingly, are exposed to the PATAGONIA trademarks in a wide range of shopping and post-sale contexts.

COMPLAINT
CASE NO. 22-cv-04080

12.   Patagonia has sold its PATAGONIA brand products all over the world, including throughout the United States and California.  Through its promotion and investment in its brand and extensive sales, publicity, awards, and leadership in sustainable sourcing practices, Patagonia has acquired enormous goodwill in its PATAGONIA trademarks.  The PATAGONIA trademarks are famous within the meaning of the Trademark Dilution Revision Act, enjoy strong consumer recognition, and are recognized around the world and throughout the United States by consumers as signifying high quality products made by a responsible company.

**Defendant's Infringement of Patagonia's Rights**

13.   In disregard of Patagonia's rights in the PATAGONIA trademarks—and without authorization from Patagonia—Defendant has promoted, offered for sale, and sold products, including hats and t-shirts, bearing replicas of Patagonia's PATAGONIA mark and designs and logos that are substantially similar to the P-6 logo.  These designs and logos, and the products bearing them, are referred to as "Defendant's Designs."

14.   Examples of Defendant's products bearing the Defendant's Designs follow:

| No. | Defendant's Designs |
|---|---|
| 1 | |

| 2 |  |
|---|---|
| 3 | |
| 4 | |

| | |
|---|---|
| 5 |  |
| 6 | |
| 7 | |

15. Defendant's Designs reproduce the famous PATAGONIA trademark, and/or use designs that are substantially similar to the P-6 logo. Defendant's products bearing the Defendant's Designs are identical to and compete directly with goods sold by Patagonia, including hats and t-shirts.

16. Defendant's use of the Defendant's Designs has caused, and if such use were to continue, will cause a likelihood of confusion among consumers regarding the source of Defendant's products, and whether Patagonia has sponsored, licensed, authorized, or is somehow affiliated with the Defendant (including as part of an

COMPLAINT
CASE NO. 22-cv-04080

authorized collaboration between Patagonia and Defendant).

17.     Defendant began using the designs identified in this Complaint long after the PATAGONIA trademarks became famous.  The Defendant's Designs have caused, and if use of these designs were to continue, are likely to cause dilution of Patagonia's famous and distinctive marks by diminishing their distinctiveness and singular association with Patagonia.  Patagonia has no alternative but to protect its goodwill and famous trademark by obtaining an injunction against Defendant's further use of the derivative designs.

18.     Patagonia is informed and believes that Defendant has marketed and sold substantial quantities of products bearing the Defendant's Designs and has profited from such sales.  There is no doubt that Defendant's conduct has been willful.  Defendant adopted a mark and logo that copies the PATAGONIA trademarks as part of the branding of its own product collection.

19.     Defendant's actions have caused and, if they were to continue, will cause Patagonia irreparable harm for which money damages and other remedies are inadequate.  Unless Defendant is restrained by this Court, Defendant will continue expanding its illegal activities and otherwise continue to cause irreparable damage and injury to Patagonia by, among other things:

a.     Depriving Patagonia of its statutory rights to use and control use of its trademark;

b.     Creating a likelihood of confusion, mistake, and deception among consumers and the trade as to the source of the infringing products;

c.     Causing the public falsely to associate Patagonia with Defendant and/or its products, or vice versa;

d.     Causing the public falsely to believe Patagonia has collaborated, co-branded, or is otherwise associated with Defendant or Trown-branded products, or vice versa;

e.     Causing incalculable and irreparable damage to Patagonia's

COMPLAINT
CASE NO. 22-cv-04080

goodwill and diluting the capacity of its famous PATAGONIA trademarks to differentiate its products from those of its competitors;

f. Causing incalculable and irreparable damage to Patagonia's licensing and collaboration programs, and to Patagonia's ability to control its brand partnerships and to associate itself with entities who are specifically aligned to Patagonia's company mission; and

g. Causing Patagonia to lose sales of its genuine PATAGONIA products.

20. Accordingly, in addition to other relief, Patagonia is entitled to injunctive relief against Defendant.

## FIRST CLAIM

## FEDERAL TRADEMARK INFRINGEMENT

## (15 U.S.C. §§ 1114-1117)

21. Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 20 of this Complaint.

22. Defendant has used, in connection with the sale, offering for sale, distribution, or advertising of its products bearing the Defendant's Designs, words and symbols that infringe upon Patagonia's PATAGONIA trademarks.

23. These acts of trademark infringement have been committed with the intent to cause confusion, mistake, or deception, and are in violation of 15 U.S.C. § 1114.

24. As a direct and proximate result of Defendant's conduct, Patagonia is entitled to recover up to treble the amount of Defendant's unlawful profits and Patagonia's damages and an award of attorneys' fees under 15 U.S.C. § 1117(a).

25. Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) that requires Defendant not to use in the future the Defendant's Designs, and any other mark or design similar to the PATAGONIA trademarks.

///

COMPLAINT
CASE NO. 22-cv-04080

- 11 -

## SECOND CLAIM

## FEDERAL UNFAIR COMPETITION

**(False Designation of Origin and False Description – 15 U.S.C. § 1125(a))**

26.    Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 25 of this Complaint.

27.    Defendant's conduct as alleged in this Complaint constitutes the use of symbols or devices tending falsely to describe the infringing products, within the meaning of 15 U.S.C. § 1125(a)(1).  Defendant's conduct is likely to cause confusion, mistake, or deception by or in the public as to the affiliation, connection, association, origin, sponsorship, or approval of the infringing products to the detriment of Patagonia and in violation of 15 U.S.C. § 1125(a)(1).

28.    As a direct and proximate result of Defendant's conduct, Patagonia is entitled to recover up to treble the amount of Defendant's unlawful profits and Patagonia's damages, and an award of attorneys' fees under 15 U.S.C. § 1117(a).

29.    Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) that requires Defendant not to use in the future the Defendant's Designs, and any other mark or design similar to the PATAGONIA trademarks.

## THIRD CLAIM

## FEDERAL DILUTION OF FAMOUS MARK

**(Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c))**

30.    Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 29 of this Complaint.

31.    Patagonia's PATAGONIA trademarks (including the P-6 logo) are distinctive and famous within the meaning of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c), and were famous prior to Defendant's adoption of the copycat Defendant's Designs.

32.    Defendant's conduct is likely to cause dilution of Patagonia's PATAGONIA trademark by diminishing its distinctiveness in violation of the

COMPLAINT
CASE NO. 22-cv-04080

Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

33.    As a direct and proximate result of Defendant's conduct, Patagonia is entitled to recover up to treble the amount of Defendant's unlawful profits and Patagonia's damages, and an award of attorney's fees under 15 U.S.C. §§ 1116(a), 1117(a), and 1125(c).

34.    Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116(a) and 1125(c) that requires Defendant not to use in the future the Defendant's Designs, and any other mark or design similar to the PATAGONIA trademarks.

## FOURTH CLAIM

## FEDERAL COPYRIGHT INFRINGEMENT

**(17 U.S.C. §§ 101, *et seq*., and 17 U.S.C. §§ 501, *et seq*.)**

35.    Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 34 of this Complaint.

36.    Patagonia owns the copyright in its P-6 logo, which is federally registered and was registered prior to Defendant's copying.

37.    Defendant has copied, advertised, offered for sale, and/or sold substantially similar copies of the P-6 logo without Patagonia's authorization or permission and in violation of Patagonia's exclusive rights in its copyright.

38.    Defendant's unlawful reproduction, advertisement, distribution, and/or sale of its copy of Patagonia's proprietary design constitutes copyright infringement. Patagonia alleges that Defendant acted intentionally and in bad faith when it reproduced Patagonia's copyrighted work (in identical or substantially similar form), and advertised, distributed, displayed, and/or sold products bearing the Defendant's Designs.

39.    Defendant's infringement alleged herein has caused and, if not enjoined, will continue to cause Patagonia to suffer irreparable harm for which there is no adequate remedy at law, and has also caused damage to Patagonia in an

COMPLAINT
CASE NO. 22-cv-04080

- 13 -

amount which cannot be accurately computed at this time but will be proven at trial.

40. As a direct and proximate result of Defendant's conduct, Patagonia is entitled to injunctive relief, as well as actual damages and any profits earned by Defendant because of its infringements, or statutory damages for each work infringed, at Patagonia's election, pursuant to 17 U.S.C. § 504.

## FIFTH CLAIM

## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

## UNDER CALIFORNIA STATUTORY LAW

**(Cal. Bus. & Prof. Code §§ 14200 *et seq.*; Cal. Bus. & Prof. Code § 17200 *et seq.*)**

41. Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 40 of this Complaint.

42. Patagonia is the owner of numerous registrations for the PATAGONIA trademarks, as well as common law rights in those marks.

43. Defendant has used a design that infringes upon Patagonia's PATAGONIA trademarks without the consent of Patagonia and in connection with the sale, offering for sale, distribution, or advertising of its products bearing the Defendant's Designs.

44. Defendant's infringement of Patagonia's PATAGONIA trademarks is likely to have caused confusion, mistake, and deception as to the source of the origin of Defendant's offerings.

45. Defendant has used the infringing Defendant's Designs to enhance the commercial value of its offerings.

46. Defendant's acts have violated Patagonia's trademark rights under California Business & Professions Code §§14245 *et seq.*

47. Defendant's conduct as alleged in this Complaint also constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California Business &

COMPLAINT
CASE NO. 22-cv-04080                                                          - 14 -

Professions Code §§ 17200 *et seq*.

48.     Patagonia is entitled to monetary damages and injunctive relief prohibiting Defendant from using in the future the Defendant's Designs, or any other mark or design that is likely to be confused with the PATAGONIA trademarks.

49.     Without injunctive relief, Patagonia has no means by which to control future injury to its reputation and goodwill or that of its PATAGONIA trademarks. Patagonia has been and, if Defendant's actions continue, will continue to be irreparably harmed.  No amount of money damages can adequately compensate Patagonia if it loses the ability to control its marks.

50.     Because Defendant's actions have been committed willfully, maliciously, and intentionally, Patagonia is entitled to treble the amount of Defendant's unlawful profits and Patagonia's damages under California Business & Professions Code § 14250.

## SIXTH CLAIM

## TRADEMARK DILUTION UNDER CALIFORNIA LAW

**(Cal. Bus. & Prof. Code § 14247)**

51.     Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 50 of this Complaint.

52.     Patagonia owns valid and protectable rights in its PATAGONIA trademarks (including the PATAGONIA word mark and P-6 logo).

53.     The PATAGONIA trademarks—registered marks in the state of California—are distinctive and famous within the meaning of the California Model State Trademark Law, Cal. Bus. & Prof. Code § 14247, in that it is a household brand in California, and were famous prior to Defendant's adoption of the Defendant's Designs.

54.     Defendant's acts are likely to dilute the distinctive quality of the PATAGONIA trademarks.  Defendant's acts therefore constitute trademark dilution

COMPLAINT
CASE NO. 22-cv-04080

- 15 -

under California Business & Professions Code **§** 14247, the analogous statutes of other states, and under California common law.

55.     Patagonia is entitled to monetary damages and injunctive relief prohibiting Defendant from using in the future the Defendant's Designs, and any other mark or design similar to the PATAGONIA trademarks.  Without injunctive relief, Patagonia has no means by which to control the continuing dilution of the PATAGONIA trademarks.  Patagonia has been and, if Defendant's actions continue, will continue to be irreparably harmed.  No amount of money damages can adequately compensate Patagonia for such harm.

56.     Because Defendant's actions have been committed willfully, maliciously, and intentionally, Patagonia is entitled to treble the amount of Defendant's unlawful profits and Patagonia's damages under California Business & Professions Code § 14250.

## SEVENTH CLAIM

## TRADEMARK INFRINGEMENT UNDER CALIFORNIA COMMON LAW

57.     Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 56 of this Complaint.

58.     Patagonia owns valid and protectable rights in its PATAGONIA trademarks at common law.

59.     Defendant's conduct is likely to cause confusion, to cause mistake, or to deceive as to the source of goods offered by Defendant, or as to affiliation, connection, association, sponsorship, or approval of such goods and services, and constitutes infringement of Patagonia's PATAGONIA trademarks at common law.

60.     Defendant infringed Patagonia's PATAGONIA trademarks with knowledge and intent to cause confusion, mistake, or deception.

61.     Defendant's conduct is aggravated by that kind of willfulness, wantonness, malice, and conscious indifference to the rights and welfare of Patagonia for which California law allows the imposition of exemplary damages.

COMPLAINT
CASE NO. 22-cv-04080                                                          - 16 -

62. As a direct and proximate result of Defendant's activities, Patagonia has suffered substantial damage.

63. Unless enjoined, the conduct of Defendant will further impair the value of the PATAGONIA trademarks and Patagonia's business reputation and goodwill. Patagonia has no adequate remedy at law.

64. Patagonia is entitled to monetary damages and injunctive relief prohibiting Defendant from using in the future the Defendant's Designs, and any other mark or design similar to the PATAGONIA trademarks.

65. Without injunctive relief, Patagonia has no means by which to control the continuing injury to its reputation and goodwill or that of its PATAGONIA trademarks. Patagonia has been and, if Defendant's actions continue, will continue to be irreparably harmed. No amount of money damages can adequately compensate Patagonia if it loses the ability to control its marks.

66. Because Defendant's actions have been committed willfully, maliciously, and intentionally, Patagonia is entitled to recover reasonable attorneys' fees and compensatory and punitive damages.

## PRAYER FOR JUDGMENT

WHEREFORE, Patagonia prays that this Court grant it the following relief:

1. Adjudge that Defendant has infringed the PATAGONIA trademarks in violation of Patagonia's rights under 15 U.S.C. § 1114;

2. Adjudge that Defendant has infringed the PATAGONIA trademarks in violation of California statutory law;

3. Adjudge that Defendant has infringed Patagonia's common law rights in the PATAGONIA trademarks;

4. Adjudge that Defendant has competed unfairly with Patagonia in violation of Patagonia's rights under 15 U.S.C. § 1125(a);

5. Adjudge that Defendant has competed unfairly with Patagonia in violation of California statutory law;

COMPLAINT
CASE NO. 22-cv-04080

6.    Adjudge that Defendant's activities are likely to dilute Patagonia's famous PATAGONIA trademarks in violation of Patagonia's rights under 15 U.S.C. § 1125(c) and/or California law;

7.    Adjudge that Defendant has infringed Patagonia's copyright rights in its P-6 design;

8.    Adjudge that Defendant and its agents, employees, attorneys, successors, assigns, affiliates, and joint venturers, and any person(s) in active concert or participation with it, and/or any person(s) acting for, with, by, through or under it, be enjoined and restrained permanently from:

a.    Manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, or promoting any goods or services that display any words or symbols that so resemble the PATAGONIA trademarks as to be likely to cause confusion, mistake, or deception, on or in connection with any product that is not authorized by or for Patagonia, including, without limitation, any product or service that bears the Defendant's Designs, or any other approximation of Patagonia's trademarks;

b.    Using any word, term, name, symbol, device, or combination that causes or is likely to cause confusion, mistake, or deception as to the affiliation or association of Defendant or its products with Patagonia, or as to the origin of Defendant's goods, or any false designation of origin, false or misleading description or representation of fact, or any false or misleading advertising, or likely dilution of the PATAGONIA trademark;

c.    Further infringing the rights of Patagonia in and to its PATAGONIA trademarks, or otherwise damaging Patagonia's goodwill or business reputation;

d.    Further diluting the famous PATAGONIA trademarks;

e.    Otherwise competing unfairly with Patagonia in any manner;

f.    Further infringing Patagonia's copyright rights in its P-6 logo

design, including by reproducing, distributing, or displaying such logo or any other logo or design that is substantially similar to the P-6 logo; and

g. Continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

9. Adjudge that Defendant be required immediately to deliver to Patagonia's counsel its entire inventory of infringing products, including without limitation, patches and any other products, packaging, labeling, advertising and promotional material, and all plates, patterns, molds, matrices, files, data, and other material for producing or printing such items, that are in its possession or subject to its control and that infringe Patagonia's trademarks as alleged in this Complaint;

10. Adjudge that Defendant, within thirty (30) days after service of the Court's judgment, be required to file with this Court and serve upon Patagonia's counsel a written report under oath setting forth in detail the manner in which it has complied with the judgment;

11. Adjudge that Patagonia recover from Defendant its damages and lost profits, and Defendant's profits in an amount to be proven at trial;

12. Adjudge that Defendant be required to account for any profits that are attributable to its illegal acts, and that Patagonia be awarded (1) Defendant's profits and (2) all damages sustained by Patagonia, under 15 U.S.C. § 1117, plus prejudgment interest;

13. Adjudge that the amounts awarded to Patagonia pursuant to 15 U.S.C. § 1117 shall be trebled;

14. Adjudge that Patagonia recover from Defendant its damages based on Defendant's copyright infringement, or statutory damages at Patagonia's election;

15. Order an accounting of and impose a constructive trust on all of Defendant's funds and assets that arise out of its infringing and/or dilutive activities;

16. Adjudge that Patagonia be awarded its costs and disbursements incurred in connection with this action, including Patagonia's reasonable attorneys'

fees and investigative expenses; and

17.    Adjudge that all such other relief be awarded to Patagonia as this Court deems just and proper.

DATED:  June 14, 2022          Respectfully submitted,

VERSO LAW GROUP LLP


By:   */s/Ryan Bricker*
RYAN BRICKER

Attorneys for Plaintiff
PATAGONIA, INC.

## <u>DEMAND FOR JURY TRIAL</u>

Patagonia, Inc. demands that this action be tried to a jury.

DATED:  June 14, 2022             Respectfully submitted,

VERSO LAW GROUP LLP


By:   */s/Ryan Bricker*
        RYAN BRICKER

Attorneys for Plaintiff
PATAGONIA, INC.